HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WAKEFIELD FAMILY LLC,<br><br>                  Plaintiff,<br><br>    v.<br><br>ATLANTIC RICHFIELD COMPANY,<br><br>                  Defendant. | CASE NO. C17-5114-RBL<br><br>ORDER GRANTING LEAVE TO FILE THIRD-PARTY COMPLAINT<br><br>DKT. #15 |

THIS MATTER is before the Court on Defendant Atlantic Richfield Company's (ARCO's) Motion for Leave to File a Third-Party Complaint [Dkt. #15]. This case involves competing claims for contribution costs under the Model Toxics Control Act, RCW 70.105D. Raymond and Agnes Wakefield purchased property with a gas station in Longview in 1949. ARCO leased the property, and operated the gas station, from 1941 or 1952 to 1977. The Wakefields owned the property until 1987, when they transferred it to the Wakefield Family Trust. The Family Trust quit-claimed it to Plaintiff Wakefield Family LLC in 2000. (Raymond passed away in 1998. His daughter Tona is the executor of his estate.)

Either the Family Trust or the Family LLC discovered contamination at the site. The Family LLC claims it spent over $1 million to remediate the property. It claims ARCO's

operation of the gas station caused the contamination and makes ARCO jointly and severally liable for all of the remedial action costs. The Family LLC seeks contribution from ARCO.

ARCO asserts a counterclaim for contribution against the Family LLC, arguing it is jointly and severally liable as the current owner of the site. ARCO asks the Court for permission to file a third-party complaint against Raymond's Estate under Federal Rule of Civil Procedure 14. It argues the Estate is jointly and severally liable, too, as the former owner of the site.

The Family LLC asks the Court to deny ARCO's motion, arguing ARCO cannot bring a third-party claim for contribution (against anyone) because it has not incurred any remedial action costs; only the Family LLC has. ARCO argues it need not wait until it has incurred costs, so long as it brings suit against another party potentially liable under MTCA.

The decision of whether to allow a defendant to join a third-party plaintiff under Rule 14 is within the sound discretion of the Court. *See Stewart v. Am. Int'l. Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). Courts construe Rule 14 liberally in favor of joinder, *McLaughlin v. Biasucci*, 688 F. Supp. 965, 967 (S.D. N.Y. 1988), because it promotes judicial efficiency by eliminating the defendant's need to bring a duplicative action. *See Jorgensen Forge Corp. v. Associated Indem. Corp.*, C41-1524-JCC, 2015 WL 12030118, at *1 (W.D. Wash. Apr. 21, 2015). A defendant must show that the third-party plaintiff "is or may be liable to it for all or part of the [original plaintiff's] claim against it" and that the plaintiff and third-party defendant will not suffer unreasonable prejudice. Fed. R. Civ. P. 14(a); *see also Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989); *Olympic Corp. v. Societe Generale*, 462 F.2d 376, 379 (2nd Cir. 1972).

1  MTCA declares all past and present owners and operators of a site liable for the costs of a
2  facility's cleanup. *See* RCW 70.105D.040(a)–(b). It authorizes any liable party to bring a private
3  right of action, including a claim for contribution or for declaratory relief, against any other
4  liable party. *See* RCW 80.105D.080. It does not require a party to wait until it has incurred
5  remedial actions costs to file suit. *See id.* ("An action under this section *may* be brought after
6  remedial action costs are incurred but *must* be brought within three years from the date remedial
7  action confirms cleanup standards are met…." *See id.* (emphasis added).

ARCO has shown the Estate may be jointly and severally liable under MTCA for cleaning up the gas station's contamination because it is a former owner of the site. ARCO did not need to incur damages before bringing its contribution claim against the Estate, who may share joint and several liability, just as its incurring damages was not a prerequisite to its asserting a counterclaim against the Family LLC. ARCO has also shown joinder will not unreasonably prejudice the Family LLC or the Estate because ARCO's third-party claims involve the same property, time period, and contamination as the Family LLC's claims. ARCO argues, and the Family LLC does not dispute, that the parties also are not prejudiced because Tona is the both the Family LLC's agent and the Estate's executor. The parties can argue later how the relationship between the Family LLC and the Estate—whether they are two separate parties or one-in-the-same—affects the allocation of the remedial action costs. *See, e.g.,* RCW 70.105D.080 ("Recovery shall be based on such equitable factors as the Court determines are appropriate.").

1    For these reasons, judicial efficiency is best served by permitting this joinder and
2 avoiding a separate, duplicative action. ARCO's Motion for Leave to File a Third-Party
3 Complaint [Dkt. #15] is GRANTED.
4    IT IS SO ORDERED.

6    Dated this 7th day of June, 2017.

_____
Ronald B. Leighton
United States District Judge